**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRP FUND VIII, LLC,<br><br>         Plaintiff-Appellant,<br><br> v.<br><br>NEWREZ LLC, DBA Shellpoint Mortgage Servicing,<br><br>         Defendant-Appellee. | No.   20-17129<br><br>D.C. No.<br>2:20-cv-01001-APG-BNW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 6, 2021[**]
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

TRP Fund VIII, LLC ("TRP Fund") appeals the district court's dismissal of

TRP Fund's action seeking a declaratory judgment that a deed of trust held by Fannie

Mae had been extinguished under Nevada's "ancient lien" statute.   We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *Bain v. Cal. Tchrs. Ass'n*, 891 F.3d 1206, 1211 (9th Cir. 2018), we affirm.

Under Nevada's ancient lien statute, NRS § 106.240, a lien on real property is presumptively extinguished ten years after the debt becomes wholly due.  In an attempt to avoid the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3)—which would otherwise prevent a homeowner association foreclosure sale from extinguishing Fannie Mae's deed of trust—TRP Fund argues that the ancient lien statute terminated a deed of trust encumbering a property located at 2764 Carnation Lane in Henderson, Nevada after NewRez LLC's ("NewRez") predecessor recorded a Notice of Default in February 2010.  TRP Fund's claim fails because in September 2012, NewRez's predecessor recorded a Notice of Recission on the Notice of Default that decelerated the demand for full payment of the loan.  Even assuming the original Notice of Default triggered the ancient lien statute, by rescinding that Notice before the statute's 10-year window closed, NewRez rendered the ancient lien statute inapplicable.

Recent decisions of the Nevada Supreme Court confirm our conclusion that the recission notice decelerated the loan and prevented extinguishment of the deed of trust under the ancient lien statute.[1]  In *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*,

---

[1] We may consider the Nevada Supreme Court's unpublished decisions to the extent that they "may lend support to a conclusion as to what the Nevada Supreme Court

495 P.3d 126 (Nev. 2021) (unpublished), the Nevada Supreme Court considered whether a recission notice adequately decelerated a loan such that NRS § 106.240 did not extinguish a deed of trust. The court "reasoned that because the Notice of Rescission rescinded the previously recorded Notice of Default, the Notice of Rescission 'effectively cancelled the acceleration' triggered by the Notice of Default such that NRS 106.240's 10-year period was reset." *Id.* at *1 (quoting *Glass v. Select Portfolio Servicing Inc.*, 466 P.3d 939, 2020 WL 3604042, *1 (Nev. 2020) (unpublished)).

We find the reasoning of the Nevada Supreme Court persuasive and apply it to the undisputed facts here. The Notice of Recission that NewRez's predecessor recorded in 2012 had the effect of canceling any acceleration of the loan that the Notice of Default may have triggered. Thus, NRS 106.240 does not extinguish the deed of trust encumbering the property at 2764 Carnation Lane.

**AFFIRMED.**

---

would hold in a published decision." *U.S. Bank, N.A., v. White Horse Estates Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) (quotations and alterations omitted).